UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN FERRIS and                 :
MELODY FERRIS
                                  :
            Plaintiffs                CIVIL ACTION NO. 3:10-1302
                                  :
   v.
                                  :   (MANNION, M.J.)
LICIA J. CLEAVELAND
                                  :
            Defendant
                                  :

### MEMORANDUM AND ORDER[1]

Presently before the court is the defendant's Motion in Limine to Preclude the Claim for Mental and Cognitive Injury. (Doc. No. 19). The defendant seeks to exclude testimony of a neuropsychologist identifying a causal link between the injuries Plaintiff Steven Ferris suffered in the automobile accident underlying this action and the plaintiff's later attempted suicide. As recovery against negligent third parties for suicide, absent a special duty, is not recognized in Pennsylvania, the motion in limine is **GRANTED**.

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

**I.     BACKGROUND**

On February 26, 2009, Plaintiff Steven Ferris was walking across a parking lot when he was stuck by an automobile driven by the defendant. (Doc. No. 1, p. 3). Plaintiff Steven Ferris suffered several physical injuries, most notably to his left hand/wrist and left knee. (Doc. No. 23). On June 22, 2010, the plaintiffs filed their complaint pursuant to 28 U.S.C. §1332. (Doc. No. 1). The defendant filed the instant motion in limine on April 3, 2012 (Doc. No. 19) and a brief in support was filed on April 17, 2012. (Doc. No. 22). On May 8, 2012 the plaintiffs filed a brief in opposition. (Doc. No. 23). On May 21, 2012, the defendant filed a brief in reply. (Doc. No. 24).

At issue in the instant motion in limine is the testimony of Michael J. Raymond, Ph.D., who attests that there "...appears to be a causal relationship..." between the accident and a suicide attempt by Plaintiff Steven Ferris. (Doc. No. 23, Exhibit A). Specifically, Dr. Raymond opines that lingering injuries from the accident caused Plaintiff Steven Ferris to become unable to work which, in turn, led him to become depressed and to begin self-medicating with morphine and eventually alcohol. (Doc. No. 23, Exhibit A). Plaintiff Steven Ferris attempted suicide on September 24, 2010 by overdosing on morphine and alcohol. (Doc. No. 23, Exhibit A). The defendant

argues that this testimony should be excluded because Pennsylvania Law[2] does not allow recovery against third parties for suicide in tort actions. (Doc. No. 22).

## II.   DISCUSSION

The defendant correctly states that it is a general rule in Pennsylvania that suicide - or attempted suicide - is not a recognized basis for recovery in a tort claim. *See McPeake v. Cannon*, 553 A.2d 439, 440-41 (Pa. Super. Ct. 1989). In *McPeake*, the Superior Court stated quite plainly that suicide is generally not recognized as a basis for recovery "because suicide constitutes an independent intervening act so extraordinary as not to have been reasonably foreseeable by the original tortfeasor." *Id.* The court did acknowledge circumstances, generally related to mental health professionals and workers compensation statutes, in which liability may attach when an additional duty exists. *See id.* at 441. However, neither of these special relationships are implicated in the instant action.

Pennsylvania State Courts and Federal Courts applying Pennsylvania law have consistently relied on the *McPeake* rule. *See Heckenswiler v.*

---

[2]The parties do not dispute that Pennsylvania Law applies in this diversity case.

*McLaughlin,* 2008 WL 4442945 (E.D.Pa. Sept. 29, 2008); *Puza v. Carbon County,* 586 F.Supp.2d 271 (M.D.Pa.2007), *aff'd,* 204 Fed. Appx. 47 (3d Cir.2008); *Rowe v. Marder,* 750 F.Supp. 718 (W.D.Pa.1990); *Cooper v. Frankford Health Care System, Inc.,* 960 A.2d 134 (Pa.Super. Oct. 20, 2008) *appeal denied,* 970 A.2d 431 (Pa.2009). In *Rowe*, the District Court drew a distinction between possible recovery for suicide in the case of intentional wrongdoing and the general rule against recovery in negligence actions. *See Rowe,* 750 F.Supp. at 723-24 ("*McPeake* precludes liability, absent a special duty, for suicide cause by negligent acts"). Similarly, in *Puza*, a court in this District held that "[t]he general rule, under Pennsylvania law... is that liability cannot be imposed upon third parties for another's suicide." *Puza,* 586 F.Supp.2d at 274.

The only holding to the contrary appears to be that of the Lackawanna County Court of Common Pleas in *Macklin v. Authur J. McHale Heating and Air Conditioning Co., Inc.,* 76 Pa.D.&C.4th 544 (2005). However, that singular holding does not persuade the court to deviate from the well-established Pennsylvania rule.

The proposed testimony of Dr. Raymond is offered for its contention that the defendant's negligence in driving her automobile is the proximate cause

4

of the Plaintiff Steven Ferris's attempted suicide over a year and one-half later. Under the *McPeake* rule, Pennsylvania does not recognize liability for suicide in negligence actions. As such, the testimony is not relevant to any cognizable claim for damages. Moreover, there is a substantial risk of prejudice in presenting the suggestion that the defendant is liable for Plaintiff Steven Ferris's attempted suicide.

In light of the foregoing**, IT IS HEREBY ORDERED THAT** the defendant's Motion in Limine to Preclude the Claim for Mental and Cognitive Injury, (Doc. No. 19), is **GRANTED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date: July 2, 2012**
O:\shared\MEMORANDA\2010 MEMORANDA\10-1302-01.wpd